UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| IVORY SIMON | CIVIL ACTION NO. 2:10-CV-1370 |
| | SECTION P |
| V. | |
| | JUDGE MINALDI |
| WARDEN ALLEN CORRECTIONAL CENTER | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

On August 27, 2010, *pro se* petitioner Ivory L. Simon filed a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Doc. 3. Petitioner is currently a prisoner in the River Bend Detention Center in Lake Providence, Louisiana. Doc. 19. In his petition Mr. Simon attacks his attempted second degree murder conviction and the fifteen year hard labor sentence imposed by Louisiana's Thirty-First Judicial District Court in Jefferson Davis Parish. Doc. 3.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

*Background*

On November 25, 2002, petitioner was charged via Bill of Information with the attempted murder of David Santell Brown. Doc. 1, att. 3, pp. 2-3. He was tried and found guilty as charged on January 26, 2006. On June 26, 2006, a sentencing hearing was convened and at its conclusion petitioner was sentenced to serve fifteen years at hard labor. Doc. 1, att. 4, pp. 1-7.

Petitioner appealed his conviction to the Louisiana Third Circuit Court of Appeals asserting five assignments of error:

(1) The trial court's failure to grant mistrial when it was discovered that the jury was improperly sequestered as required by Louisiana Code of Criminal Procedure article 791;

(2) The trial court's improper removal of petitioner from the courtroom in violation of Louisiana Code of Criminal Procedure article 831;

(3) The trial court's allowance of improper language in the Bill of Information which was read to the jury;

(4) The trial court's denial of his right to an attorney of his choice in violation of Louisiana Constitution article I § 13; and

(5) Insufficiency of the evidence to establish specific intent to kill, evidence demonstrating instead proper self-defense.

Doc. 1, att. 4, pp. 8-37.

On October 3, 2007, petitioner's conviction was affirmed by Louisiana's Third Circuit in an unpublished opinion. *State v. Simon*, 964 So.2d 491 (La. Ct. App. 3 Cir. 2007); *see also* doc. 1, att. 4, p. 56-78.

On some unspecified date petitioner filed an application for review in the Louisiana Supreme Court. On March 14, 2008, the Court denied his application. *State v. Simon*, 977 So.2d 930 (La. 2008); *see also* doc. 1, att. 4, p. 79. Petitioner did not seek further direct review in the United States Supreme Court.

On November 7, 2008 petitioner filed a *pro se* application for post-conviction relief [doc. 1, att. 4, p. 80] in Louisiana's 31st Judicial District Court, raising a claim of ineffective assistance of counsel. Petitioner argued five specific instances of ineffective assistance summarized as follows:

(1) Counsel failed to object to oral rather than written notice of the prosecution's intent to introduce other crimes evidence as required by Louisiana Code of Evidence article 1103;

(2) Counsel failed to object to the hearing concerning other crimes evidence as second or successive;

    (3)    Counsel erred by failing to require the state to establish the commission of the alleged "other crime" by a preponderance of the evidence;

    (4)    Counsel failed to object to the testimony of Mr. Moore who was allowed to testify to "bad acts and conduct" of petitioner with the victim; and

    (5)    Counsel failed to request a "limiting" jury instruction concerning the "other crimes" evidence.

*See id.* at 91. Petitioner also argued ineffective assistance generally for counsel's failure to challenge the credibility of the victim and other witnesses with regard to criminal convictions, counsel's failure to object to the imposition of sentence in petitioner's absence, counsel's failure to request recusal of the trial judge, and counsel's failure to interview Detectives Chretien and Dirks leading to the jury's being unaware that the victim was distributing cocaine at the time of the incident. *See id.* at 93-102.

On December 18, 2008, the district court denied the application and provided written reasons for judgment. *Id.* at 103-105. Petitioner filed a motion to reconsider [*id.* at 106-111] and on January 9, 2009, the trial court denied reconsideration. *Id.* at 112.

During January of 2009 petitioner filed a *pro se* writ application in Louisiana's Third Circuit Court of Appeals. *Id.* at 113-39. On June 4, 2009, the Third Circuit denied the writ finding "no error in the trial court's ruling." *Id.* at 140. On June 26, 2009 petitioner filed a *pro se* writ application in the Louisiana Supreme Court. *Id.* at 141-64. On May 7, 2010 the Supreme Court denied the writ. *State ex rel. Simon v. State*, 34 So.3d 856 (La. 2010); *see also* doc. 1, att. 4, p. 165.

Petitioner filed his federal petition on August 27, 2010. Petitioner argues a claim of ineffective assistance of counsel – arguing the same instances argued in his application for post-conviction relief and subsequent writ applications. He also argues as claims for relief the Assignments of Error raised on direct appeal.

In its answer respondent argues that petitioner's writ should be denied because the conviction and sentence at issue were both "reasonable and in accordance with the statutory law of Louisiana." Doc. 12, p. 1. In support respondent cites the numerous state court decisions outlined above, all of which have declined to find any merit to petitioner's arguments. *See* doc. 12. Further, respondent argues that, while petitioner has raised cognizable claims that are reviewable on federal habeas review, petitioner has not presented any claim that has been adjudicated in state court proceedings that resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Id.* at 2-3 (citing 28 U.S.C. § 2254(d)(1-2)).

Additionally, respondent contends that petitioner has failed to provide clear and convincing evidence that refutes the factual determinations made by the trial court, or any other ruling by the state courts, which are presumed to be correct in habeas proceedings. *Id.* at 3.

For these reasons, respondent argues that petitioner has not carried his burden under 28 U.S.C. § 2254(e)(1) of rebutting the presumption of correctness, and an evidentiary hearing under § 2254(e)(2)(B) is unwarranted. *Id.*

*Law and Analysis*

The above discussion makes clear that petitioner has exhausted his available remedies in the courts of the State of Louisiana; thus petitioner has cleared his first hurdle for federal habeas review. *See* 28 U.S.C. § 2554(b)(1)(A). Therefore, the issue currently before the court is whether petitioner should be granted habeas relief. Section 2254(a) requires that federal courts "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to

the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

In this case, petitioner has outlined three areas where he attacks his conviction on Constitutional grounds. First, petitioner has alleged that the evidence produced at trial was insufficient to establish the required mental state for the crime charged beyond a reasonable doubt or, alternatively, that the evidence indicated a justified shooting in self-defense. Insufficient evidence used to convict is a violation of due process and therefore reviewable under section 2254. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Second, petitioner has alleged that he was not afforded effective assistance of counsel during his trial. This implicates petitioner's constitutional right to a fair trial and is likewise reviewable under a federal habeas petition. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). Finally, petitioner argues that he was excluded from the courtroom, during his trial, in violation of the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI; *see* Doc. 1, att. 2, p. 22.

As noted above, once it is determined that a petitioner has advanced reviewable claims, section 2254 mandates that claims for habeas relief based on issues adjudicated on the merits in State court be denied unless the state court proceeding (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

## I.     *Insufficiency of the Evidence/Self-Defense*

For petitioner to be granted habeas relief based on insufficient evidence during his trial, this court must find that after viewing the evidence in the light most favorable to the prosecution "it is found upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (footnote omitted).  The question is "not whether [the federal district court is] personally convinced beyond a reasonable doubt.  It is whether rational jurors could reach the conclusion that these jurors reached." *Roehler v. Borg*, 945 F.2d 303, 306 (9th Cir. 1991).  Determinations of factual issues made by the State trial court shall be presumed to be correct, unless a petitioner can rebut the findings by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Additionally, in evaluating petitioner's claim, this court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

The record from petitioner's trial is clear: it is undisputed that petitioner shot David Santell Brown in Welsh, Louisiana, on October 17, 2002.  However, Ivory Simon argues that evidence produced at trial was insufficient for a finding that he had the specific intent to kill Brown.

The Louisiana Supreme Court has explained:

> To sustain a conviction for attempted second degree murder, the state must prove that the defendant: (1) intended to kill the victim; and (2) committed an overt act tending toward the accomplishment of the victim's death. La. R.S. 14:27; 14:30.1.  Although the statute for the completed crime of second degree murder allows for a conviction based on "specific intent to kill or inflict great bodily harm," La. R.S. 14:30.1, attempted second degree murder requires specific intent to kill. *State v. Huizar*, 414 So.2d 741 (La. 1982).  Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. La. R.S. 14:10(1); *State v. Butler*, 322 So.2d 189 (La. 1975); *State v. Martin*, 92-0811 (La.App. 5 Cir. 5/31/94), 638 So.2d 411.

*State v. Bishop*, 835 So.2d 434, 437 (La. 2003).  Furthermore, the Louisiana Supreme Court has held on numerous occasions that "specific intent to kill may be inferred from a defendant's act of pointing a gun and firing at a person."  *See State v. Seals*, 684 So.2d 368, 373 (La. 1996) (citing *State v. Williams*, 383 So.2d 369 (La. 1980); *State v. Procell*, 365 So.2d 484 (La. 1978)).

The evidence from the trial record shows that Ivory Simon pointed a gun and shot at David Brown from no more than twenty feet away.  Doc. 1, att. 4, pp. 58-61.  As Ivory Simon has failed to highlight any contradictory evidence, it is the opinion of this court that there was sufficient evidence, presented at trial, for it to be found that Ivory Simon had the specific intent to kill David Brown.

Alternatively, Ivory Simon argues that the evidence shows that he was acting in self-defense when he shot Brown.

Trial testimony from numerous witnesses shows that Ivory Simon was, at the time of the shooting, engaged in an argument with David Brown and his cousin, Dwayne Moore.  *See* doc. 1, att. 4, pp. 58-61.  At the culmination of the argument, Ivory Simon began to walk away and was followed by Brown, Moore, and several others.  *Id.*  While the group was still about fifteen to twenty feet away, Ivory Simon turned and shot his firearm four times.  *Id.*  One shot hit Brown, nicking his heart and lodging near his spinal column.  *Id.*  Ivory Simon was the only person who was armed.  *Id.*

Ivory Simon was prosecuted under Louisiana law which provides:

> The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession, provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this Section shall not apply where the force or violence results in homicide.

LA. REV STAT. ANN. § 14:19(A).

"In non-homicide cases in which a defendant claims self-defense, Defendant bears the burden of proof by a preponderance of the evidence." *State v. Runyon*, 05-36, p. 29 (La. App. 3 Cir. 11/2/05), 916 So.2d 407, 427, *writ denied*, 06-1348 (La. 9/1/06), 936 So.2d 207. "The issue of self-defense requires a dual inquiry: (1) an objective inquiry into whether the force used was reasonable under the circumstances; (2) a subjective inquiry into whether the force was apparently necessary." *State v. Anderson*, 98-492, p. 10 (La. App. 3 Cir. 10/28/98); 721 So.2d 1006, 1011, *writ denied*, 98-2976 (La. 3/19/99); 739 So.2d 781 (citing *State v. Hall*, 606 So.2d 972 (La. App. 3 Cir. 1992), *writ denied*, 93-51 (La. 11/11/94); 644 So.2d 385).

Ivory Simon argues that he shot Brown to avoid being attacked by Brown and the others who were approaching him. Additionally, Ivory Simon argues that Brown was pursuing him to retaliate for a past physical altercation between Simon and Moore. Ivory Simon asserts that he was outnumbered and fired his weapon to protect himself from serious bodily harm that he had reason to believe was imminent based on the events unfolding and his knowledge of his pursuers. *See* doc. 1, att. 2, p. 31-32.

However, Ivory Simon did not present any witnesses at trial. The only evidence presented that weighed on the issue of self-defense was Brown's testimony that Ivory Simon knew "how he was" and knew Brown would slap him because Simon had previously slapped Brown's cousin. Doc. 1, att. 4, p. 62. Conversely, testimony from several witnesses indicated that Ivory Simon and Brown were arguing and were not involved in a physical altercation, that the group of people following Simon was not rushing at him when he fired, and that Simon was the only person armed. *Id.*

Although Simon contends that his actions were justified and that he acted in self-defense, the trial court found that he failed to prove that the force used was reasonable under the circumstances and that the force was apparently necessary to prevent great bodily harm or that Simon reasonably believed such harm was imminent. This court must presume that the trial court findings were correct unless Ivory Simon is able to highlight clear and convincing evidence, contained within the record, to the contrary. It is the opinion of this court that he has not done so.

## II.     *Ineffective Assistance of Counsel*

The second reviewable claim raised by petitioner is ineffective assistance of counsel.

In evaluating such a claim, this court is bound by the United States Supreme Court's seminal decision in *Strickland v. Washington*. 466 U.S. 668 (1984). In *Strickland*, the Court made clear that "the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation . . . [but] simply to ensure that criminal defendants receive a fair trial." 466 U.S. at 689. Thus, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. The Court acknowledged that "[t]here are countless ways to provide effective assistance in any given case," and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id.* at 689.

Recognizing the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence," *ibid.*, the Court established that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 688. To overcome that presumption, a defendant

must show that counsel failed to act "reasonabl[y] considering all the circumstances." *Id.* The Court cautioned that "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges." *Id.* at 690.

The Court also requires that defendants prove prejudice. *Strickland*, 466 U.S. at 691-92. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome. That requires a substantial, not just conceivable, likelihood of a different result." *Pinholster*, 131 S.Ct. at 1403 (internal citations and quotations omitted).

Further, the Court noted that in evaluating effective assistance challenges brought under 28 U.S.C. § 2254, courts are to be "doubly deferential." *Id.* (citing *Knowles v. Mizayance*, 556 U.S. 111, 129 S. Ct. 1411, 1413 (2009)). Meaning, courts are to take a "highly deferential" look at counsel's performance, through the "deferential lens of § 2254(d)." *Id.* (citing *Mizayance*, 129 S. Ct. at 1419, n. 2.). Therefore, to succeed in this case, petitioner must demonstrate that it was necessarily unreasonable for Louisiana State courts to conclude: (1) that he had not overcome the strong presumption of competence; and (2) that he had failed to undermine confidence in the jury's verdict. *See Pinholster*, 131 S. Ct. at 1403.

In the present case, Ivory Simon points to five specific areas, and several general areas, where he argues that his counsel's representation was ineffective. *See* background discussion *supra* pages 2-3. After review of petitioner's memorandum, and the state court record, this court is unable to conclude that Ivory Simon's attorney was so incompetent that a just result was not reached in Mr. Simon's trial.

Ivory Simon's specific allegations of ineffective assistance of counsel relate to the introduction of "other crimes evidence" at Simon's trial. Prior to the commencement of the trial, a short hearing was held on the ability of the State to question one of its witnesses (Dwayne Moore) about an incident that allegedly occurred between Ivory Simon and Moore, whereby Simon pointed a gun and "clicked" it at Moore a short time (thirty minutes to an hour) before Simon shot Brown. *See* doc. 1, att. 3, p. 15-16. Simon's attorney objected to the admissibility of such testimony, but the trial court ruled that this incident was relevant, and admissible, as "other crimes evidence" which was similar to the charged offense in that Simon used a gun, in a threatening manner, shortly before the charged offense allegedly occurred. *See id.* at 16-18.

Simon contends that his attorney did not sufficiently: object to oral, rather than written, notice by the State of the intent to use "other crimes evidence;" object to the hearing as successive, challenge the State to prove that the "other crime" occurred by a preponderance of the evidence; object to the admittance of this testimony when it was elicited at trial; and, request a limiting instruction relating to the testimony. Additionally, Simon argues that his attorney was generally ineffective in his representation. However, Simon fails to describe how, even if his attorney had been successful at all of the above, there is a reasonable chance that there would have been a verdict of not guilty. In other words, Simon describes a potentially deficient performance by his attorney, but does not address the prejudice requirement from *Strickland*; he does not show that, but for these errors by counsel, there is a reasonable probability that he would have been found not guilty. Furthermore, Simon has not described how or why the State court findings of attorney competence were necessarily unreasonable. In such an instance, the petitioner has not carried his burden in establishing that his representation was constitutionally deficient.

### III.   *Confrontation Clause*

Ivory Simon's final constitutional claim is that he was excluded from the courtroom, during his trial, in violation of the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI; *see* doc. 1, att. 2, p. 22.  However, Ivory Simon also admits that "each day of the trial the court questioned Ivory Simon whether he would behave and each time [Ivory Simon] asked to be put in the room with the video-feed.  [Ivory Simon] adamantly refused to participate in this trial."  Doc. 1, att. 2, p. 23.  Because petitioner was not present in the courtroom during his trial solely on his own volition, and had ample opportunity to conform his behavior to the trial judge's requests and be present during the trial, this court finds that petitioner's Confrontation Clause claim is meritless.  *See Illinois v. Allen*, 397 U.S. 337, 343-44 (1970) (holding that it is not unconstitutional to remove a criminal defendant from the courtroom, due to unruly conduct, and proceed with the trial in his absence, when defendant is constantly informed that he may return to the trial if he conducts himself in an orderly manner).

For the reasons above, this court finds that there is no merit to the instant petition for *habeas corpus*, and as such, the petition should be denied.

### *Recommendation*

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2254 be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 23rd day of October, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE